IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY LEEPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1091-E-BN |
| | § | |
| CARTE BLANCHE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Jeremy Leeper filed a *pro se* Complaint for Violation of Civil Rights against his former employer, Defendant Carte Blanche, alleging that he "experienced a Federal and State based hate Crime as an employee" and appearing to also assert claims of discrimination and retaliation. Dkt. No. 3. United States District Judge Ada Brown referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court previously granted Leeper's motion for leave to proceed *in forma pauperis* (IFP), which subjects his complaint to screening under 28 U.S.C. § 1915(e)(2). *See* Dkt. Nos. 4, 6. And the undersigned now enters findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint but allow Leeper leave to file an amended complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). So the pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60

F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to survive dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## Analysis

First, insofar as Leeper alleges against Carte Blanche violations of 18 U.S.C. § 242, the Texas Hate Crimes Act, *see* Dkt. No. 3 at 3, 7, or other criminal statutes, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, [so], as a private citizen, [Lepper] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (In *Linda*

*R.S.*, "the Court repeatedly emphasized 'the special status of criminal prosecutions in our system.' It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution.… As a result, courts across the country have dutifully enforced this rule in case after case – refusing to hear claims challenging the decision not to investigate or prosecute another person." (collecting cases; citations omitted)).

Relatedly, criminal statutes usually will not create civil liability. *See, e.g.*, *Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at \*1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)); *Tucker v. U.S. Court of Appeals for Tenth Circuit*, 815 F. App'x 292, 294 (10th Cir. 2020) ("Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action." (citations omitted)).

Because Leeper's complaint does not allow the Court to infer that the criminal statutes cited provide for a private cause of action, all claims based on such statutes should be dismissed.

Next, as to any contention that Carte Blanch violated Leeper's constitutional rights, "[a] plaintiff makes out a [42 U.S.C.] § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))).

But Leeper does not allege that Carte Blanche, ostensibly a private employer, acted under color of state law.

So any civil rights claims not made under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981 should be dismissed. *See Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 462 (5th Cir. 2001) ("Plaintiffs may plead causes of action under both Title VII and § 1981 against private employers to remedy discrimination in private employment contracts. Plaintiffs may also pursue a § 1983 cause of action against persons acting under color of state law in order to assert their substantive rights under § 1981." (citations omitted)); *Blanks v. Vought Aircraft Indus. Inc.*, 447 F. App'x 533, 534-35 (5th Cir. 2011) (per curiam) (affirming dismissal where "Blanks failed to establish that Vought, a private employer, acted under color of state law to deprive

him of any rights secured by the constitution or that deprived him of rights protected by 42 U.S.C. §§ 1983 or 1985").

Leeper's allegations against Carte Balance are better considered in the context of employment discrimination and retaliation. So considered, the facts alleged do not state a claim to relief that is plausible. But the Court should allow Leeper an opportunity to file an amended complaint consistent with the legal standards set out below.

To plausibly allege (and ultimately prove) discrimination and retaliation claims against an employer requires that a plaintiff either rely on direct evidence of discrimination or proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the United States Court of Appeals for the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

Insofar as Leeper lacks such direct evidence, the first step in the burden-shifting analysis requires that a plaintiff articulate a prima facie case as to each cause of action. The prima facie elements of discrimination are that a plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated

employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

"In the retaliation context, a *prima facie* case requires a showing that (1) [the plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible," *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted), so a district court may rely on the prima facie elements "to frame [its] inquiry" at the pleadings stage, *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

And, as to discrimination, plaintiffs "must plausibly set out facts that the 'defendant took the adverse employment action against [them] *because of* [a]

protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*). That is, as to discrimination based on race or national origin, for example, "a plaintiff must allege 'facts, direct or circumstantial, that would suggest the employer's actions were based on the plaintiff's race or national origin or that the employer treated similarly situated employees of other races or national origin more favorably.'" *Id.* (cleaned up; quoting *Raj*, 714 F.3d at 331).

In sum, at this stage, the Court must ask whether enough facts, accepted as true, allege an actionable claim of employment-based claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if a plaintiff "has not pled [enough] facts," it is "proper[ to] dismiss" the complaint. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

**Recommendation**

The Court should dismiss the complaint without prejudice to Plaintiff Jeremy Leeper's ability to file an amended complaint by a reasonable deadline to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE