IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY LEEPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1091-E-BN |
| | § | |
| CARTE BLANCHE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING SERVICE**

In this lawsuit referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown, the Court granted Plaintiff Jeremy Leeper leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, *see* Dkt. No. 6, dismissed his initial complaint [Dkt. No. 3] on judicial screening under Section 1915(e)(2)(B)(ii) for Leeper's failure to state a claim on which relief may be granted, but allowed him to file an amended complaint, *see Leeper v. Carte Blanche*, No. 3:23-cv-1091-E-BN, 2023 WL 5242533 (N.D. Tex. July 18, 2023), *rec. accepted*, 2023 WL 5254654 (N.D. Tex. Aug. 15, 2023).

Leeper filed an amended complaint. *See* Dkt. No. 14. And, as the Court has explained, in denying his subsequent requests for a summons and to expedite service, because he was granted leave to proceed IFP, his amended complaint is also subject to judicial screening under Section 1915, *see* Dkt. Nos. 15-18.

But that is no longer the case, because Leeper paid the filing fee and requested a summons from the Clerk of Court on March 12, 2024. *See* Dkt. Nos. 19 & 20.

The Court therefore enters this order to advise Leeper that, by paying the filing fee, he undertook the obligation to either (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from that defendant. *See* FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).

And, as to each defendant, Leeper must file with the Court, as applicable, a proof of service in accordance with Rule 4(*l*) or an executed waiver of service.

The Court further advises Leeper that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before **June 10, 2024** – the 90th day after Leeper paid the filing fee – this case is subject to dismissal without prejudice unless Leeper shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Leeper's electing to pay the filing fee after initially being granted leave to proceed IFP renders impractical Rule 4(m)'s usual deadline of 90 days after the filing of a lawsuit.

That is, while Rule 4(m) establishes a 90-day "limit for service of process in the absence of a judicially granted extension of time," "in cases in which the plaintiff pays the filing fee, some courts have held that the [applicable] period does not commence

until the plaintiff pays the fee." *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799 (N.D. Tex. 2005) (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir. 1989); *Ellis v. Principi*, 223 F.R.D. 446, 448 (S.D. Miss. 2004); *Scary v. Philadelphia Gas Works*, 202 F.R.D. 148, 151 (E.D. Pa. 2001)).

And now-Chief Judge David C. Godbey, accepting the recommendation of then-U.S. Magistrate Judge Irma Carrillo Ramirez, has further found that, considering that "Rule 4(m) grants the federal courts discretion to extend the time for service even though the deadline has lapsed," "to permit the screening requirements of 28 U.S.C. §§ 1915 and 1915A to operate harmoniously with Federal Rules of Civil Procedure 15(c) and 4(m), the Court may suspend the time for service until the Court enters an order directing service of the complaint." *Id.* (cleaned up).

And, "[w]hen the Court has not ordered service of process upon completing the [statutorily-mandated] preliminary screening," "the circumstances generally favor extending the time for service of process." *Id.* at 799-800 (footnotes omitted); *see also Patterson v. United States*, No. 3:23-cv-3-DPJ-FKB, 2024 WL 221454, at *1 (S.D. Miss. Jan. 2, 2024) ("Even though [Rule] 4(m) provides that the defendant is to be served with process within 90 days after the complaint is filed, the [Prison Litigation Reform Act of 1996 ("PLRA")] requires the court to screen a *pro se* prisoner plaintiff's complaint. A court may withhold service where the plaintiff proceeds *in forma pauperis* pending the court's screening of the complaint for frivolousness under Section 1915. Because a plaintiff proceeding under the PLRA has no control when the court will complete the screening, Rule 4(m)'s 90-day service requirement is

suspended during that period of time." (cleaned up)), *rec. adopted*, 2024 WL 218614 (S.D. Miss. Jan. 19, 2024).

In sum, the 90-day period for service should be suspended "until the Court completes its mandated screening." *Shabazz*, 380 F. Supp. 2d at 800.

Here, that mandated screening ended when Leeper elected to pay the filing fee. So the 90-day deadline under Rule 4(m) runs from that date.

SO ORDERED.

DATED: March 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE