IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY LEEPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1091-E-BN |
| | § | |
| CARTE BLANCHE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this lawsuit referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown, the Court granted Plaintiff Jeremy Leeper leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see* Dkt. No. 6, dismissed his initial complaint [Dkt. No. 3] on judicial screening under Section 1915(e)(2)(B)(ii), for Leeper's failure to state a claim on which relief may be granted, but allowed him to file an amended complaint, *see Leeper v. Carte Blanche*, No. 3:23-cv-1091-E-BN, 2023 WL 5242533 (N.D. Tex. July 18, 2023), *rec. accepted*, 2023 WL 5254654 (N.D. Tex. Aug. 15, 2023).

Leeper, a former employee of Defendant Carte Blanche, who is suing the restaurant for discrimination, filed an amended complaint. *See* Dkt. No. 14. And, before the Court could complete its screening of this pleading under Section 1915, Leeper paid the filing fee and requested a summons from the Clerk of Court. *See* Dkt. Nos. 19 & 20.

The Court denied Leeper's initial motion for entry of default and default judgment because he failed to show that Carte Blanche was properly served and therefore failed to demonstrate that the Court acquired jurisdiction over the defendant, which is required to authorize entry of a valid default judgment. *See* Dkt. Nos. 23-35.

Now, after serving his complaint again and filing a summons return, *see* Dkt. No. 36, Leeper once more moves for default judgment, *see* Dkt. No. 37.

But, even if his method of service this time was correct, Leeper has not requested that the Clerk enter default, so the Court should deny the motion without prejudice. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) ("In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court." (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996))); *cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

As reflected in his recent motion for default judgment, Leeper seeks $20 million in damages from Carte Blanche. *See* Dkt. No. 37 at 1.

And Leeper, citing news coverage that Carte Blanche recently closed, also now moves for emergency preliminary injunctive relief "to prevent Defendant from selling

or otherwise disposing of its business assets, which would hinder Plaintiff's ability to collect any judgment that may be awarded in his favor" and cause him irreparable harm. Dkt. No. 38.

The Court should also deny this motion, for the following reasons.

To obtain preliminary injunctive relief, Leeper must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

As set out above, at most, Leeper has successfully served the defendant. That preliminary step is as far as this litigation has gone. So Leeper has not obtained a judgment against Carte Blanche.

"And the Fifth Circuit has … explained that, in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), the United States Supreme Court held that, 'in an action for money damages, a United States District Court [does

not have] the power to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed.'" *Rock Island Auction Co. v. Dean*, No. 3:23-cv-2642-S-BN, 2023 WL 9503455, at *9 (N.D. Tex. Dec. 6, 2023) (quoting *Netsphere, Inc. v. Baron*, 703 F.3d 296, 309 (5th Cir. 2012) (quoting, in turn, *Grupo*, 527 at 333)); *see also Snelling Emp't L.L.C. v. MB Indus., LLC*, No. 3:11-cv-2012-P, 2011 WL 13130075, at *1 (N.D. Tex. Sept. 28, 2011) ("Based on the evidence and briefing presently before the Court, Plaintiff has not demonstrated that a preliminary injunction is appropriate in the instant case. Plaintiff seeks to prevent Defendant from selling, transferring, disposing of, or encumbering any of its assets. However, the Supreme Court has held that a United States District Court does not have the power to issue a preliminary injunction preventing a defendant from transferring assets in which no lien or equitable interest is claimed." (citation omitted; citing *Grupo,* 527 U.S. 308)); *Turnkey Offshore Project Servs., LLC v. JAB Energy Sols., LLC*, Civ. A. No. 21-672, 2021 WL 3509677, at *6 (E.D. La. Aug. 10, 2021) ("[T]he court may not issue a preliminary asset freeze injunction covering all of Defendants' assets to secure a potential money judgment on a legal claim given the 'historical principle that before judgment (or its equivalent) an unsecured creditor has no rights at law or in equity in the property of his debtor.'" (quoting *Grupo*, 527 U.S. at 330; citing *Netsphere*, 703 F.3d at 310)), *modified on other grounds*, 2022 WL 1699008 (E.D. La. May 2, 2022).

## Recommendation

The Court should deny without prejudice the renewed motion for default

judgment [Dkt. No. 37] and deny the emergency motion for preliminary injunctive relief [Dkt. No. 38].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 11, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE